IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GARY CRYTSER, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action 07 C 06404 |
| v. | ) | |
| | ) | Judge Bucklo |
| | ) | |
| TRANS UNION, LLC, | ) | Magistrate Judge Brown |
| and HARTFORD CASUALTY | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Defendants. | ) | |

**TRANS UNION LLC'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**

NOW COMES Defendant, Trans Union LLC, ("Trans Union") by its attorneys, DLA Piper US LLP, and for its Answer and Affirmative Defenses to the Class Action Complaint, states as follows:

1. This Honorable Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. 1331 (federal question) because the matter is brought pursuant to the provisions of 15 U.S.C. 1681, *et seq.* (the Fair Credit Reporting Act). The defendants are subject to personal jurisdiction in this Court as shown below.

**ANSWER:** Trans Union admits the allegations of the first sentence of this paragraph, and further admits that it is subject to the personal jurisdiction of this Court. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

2. Plaintiff, Gary H. Crytser, is a person of the age of majority and a resident of the Northern District of Illinois. Plaintiff, Sanford Finley, is a person of the age of majority and a resident of the Northern District of Illinois.

**ANSWER:** Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

3. Defendant, Trans Union, L.L.C. is [sic] limited liability company organized under the laws of Delaware with its principal place of business located in Chicago, Illinois. Trans Union is a consumer reporting agency as defined in the Fair Credit Reporting Act, 15 U.S.C. 1681a(f). Defendant, Hartford Casualty Insurance Company is an Indiana corporation with its principal place of business in Hartford, Connecticut.

**ANSWER:** Trans Union admits the allegations of the first two sentences of this paragraph. Trans Union is without knowledge of information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

4. On August 31, 2002, a fire occurred at a warehouse in Aurora, Illinois. Part of the warehouse was leased by Jonathan Pepper Company. Plaintiff, Sanford Finley, was president of Jonathan Pepper Company. When the fire occurred, plaintiff, Gary Crytser was president of Teakniques Corporation. Teakniques was in the business of importing teak furniture and other items for sale to the public. Teakniques stored these goods in the warehouse space leased by Jonathan Pepper Co. Teakniques was a loss payee on a policy of insurance obtained by Jonathan Pepper Co. and underwritten by defendant, Hartford Casualty Insurance Company ("Hartford"), that covered the goods in the leased warehouse space.

**ANSWER:** Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

5. In the course of investigating the fire, Hartford requested from plaintiffs Gary Crytser and Sanford Finley permission to investigate their financial background prior to the fire. Gary Crytser and Sanford Finley granted permission, by written consent, limited to the time period from August 31, 2000 to September 1, 2002.

**ANSWER:** Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

6. Separately, Hartford requested that plaintiffs, Mr. Crytser and Mr. Finley, sign a standard form consenting to Hartford's obtaining their consumer reports (commonly referred to as "credit reports") in connection with its claim investigation, as part of its requirement that they

cooperate with the investigation. Hartford did so without advising plaintiffs, Gary Crytser and Sanford Finley, that the Fair Credit Reporting Act, 15 U.S.C. 1681b, and the Federal Trade Commission's official Commentary on the Fair Credit Reporting Act, *16 C.F.R. Part 600.1 Appendix*, prohibit the use of credit reports for the purpose of investigating insurance claims.

**ANSWER:** Trans Union denies that the Fair Credit Reporting Act and/or the FTC's Official Commentary on the Fair Credit Reporting Act prohibit the use of credit reports for the purpose of investigating insurance claims. Trans Union is without knowledge or information sufficient to form a belief as the truth of the remaining allegations of this paragraph, and therefore denies the same.

7. Plaintiffs, Mr. Crytser and Mr. Finley, consented to Hartford's obtaining their credit reports in connection with its investigation of the claim, limited to the time period from August 31, 2000 to September 1, 2002.

**ANSWER:** Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

8. Hartford obtained the credit reports of plaintiffs, Mr. Crytser and Mr. Finley, outside the time frame to which they had consented, on October 3, 2002 (Mr. Crytser) and on November 12, 2002 (Mr. Finley). Hartford did so impermissibly, in connection with claim investigation and litigation, in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681b(t); and in violation of the Federal Trade Commission's (FTC's) Advice and Commentary on the FCRA, The FTC's Advice and Commentary on the Fair Credit Reporting Act is readily available to Hartford, a sophisticated litigant and user of consumer reports, the use of which by insurance companies has been regulated under the FCRA since 1970.

**ANSWER:** Trans Union admits that Hartford obtained the credit report of Crytser on or about October 3, 2002, and the credit report of Finley on or about November 12, 2002. Trans Union admits that the FCRA has regulated the use of consumer reports by insurance companies since 1970. Trans Union denies that the Fair Credit Reporting Act or the FTC's Official Commentary on the FCRA prohibit the use of credit reports in connection with claims investigation. Trans

Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

9. Additionally, Hartford obtained plaintiffs' credit reports in violation of 15 U.S.C. 1681b(f) in that Hartford failed to certify, or to certify truthfully, to the consumer reporting agency from which it obtained plaintiffs' consumer reports the purpose for which it was obtaining the credit reports. Hartford also violated 15 U.S.C. 1681b(f) by failing to certify that the consumer reports it obtained would be used for no other purpose than that stated in its certification; and by using the credit reports for a purpose not permissible under 15 U.S.C. 1681b.

**ANSWER:** Trans Union denies that Hartford obtained credit reports without providing the certifications to Trans Union that are required by the Fair Credit Reporting Act. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

10. The credit reports of plaintiffs, Gary Crytser and Sanford Finley, were provided to Hartford by defendant, Trans Union, L.L.C. ("Trans Union"), without any permissible purpose under 15 U.S.C. 1681b(a), in that the reports were furnished for the impermissible purpose of insurance claim investigating, and without obtaining the written consent of the consumers to whom the reports relate. Trans Union failed to obtain the written consent of plaintiffs to furnish their credit reports to Hartford at any time. It is Trans Union's standard practice and procedure to furnish credit reports to insurance companies and claims investigating companies in connection with claims investigation, without any permissible purpose, and without obtaining any written consent from any consumer.

**ANSWER:** Trans Union admits that it provided credit reports of Finley and Crytser to Hartford. Trans Union further admits that its standard practice and procedure is not to obtain itself a copy of the written consent of the consumer when providing credit reports to insurance companies in connection with claims investigation. Trans Union denies the remaining allegations of this paragraph.

11. Trans Union knowingly and routinely provides consumer reports, including the reports of plaintiffs in this action, to the claims investigation units of insurance companies and to claims investigating companies for the impermissible purpose of claims investigating in violation of 15 U.S.C. 1681b. Trans Union does so with malicious intent, and with knowledge that its insurance

company subscribers misuse consumer reports in connection with insurance claims investigations. (The insurance companies misuse the reports in lengthy investigations by forensic accountants so as to use claims funds that should be paid promptly, without ever paying interest for use of the funds.)

**ANSWER:** Trans Union denies the allegations of this paragraph.

12. Trans Union conceals from consumers, including plaintiffs in this action, the fact that it provides their consumer reports to insurance companies impermissibly in connection with claims investigations, by mis-stating to consumers the purpose for which the consumer reports were provided to insurance and claims company subscribers. Trans Union misrepresents to consumers, including plaintiffs in this action, the fact that it has obtained from subscribers their written consents to provide their consumer reports to its insurance subscribers, when in fact Trans Union does not ever obtain any written consent before furnishing credit reports to insurance subscribers.

**ANSWER:** Trans Union denies the allegations of this paragraph.

13. In addition to violating the provisions of 15 U.S.C. 1681b(a), defendant, Trans Union violated the separate requirements of 15 U.S.C. 1681(e)(a) [sic] that Trans Union maintain reasonable procedures to ensure that credit reports are furnished and used for the purposes listed in 15 U.S.C. 1681b and no other; and, that Trans Union obtain certification of the use for which the credit reports were obtained, and that the credit reports would be used for no other purpose. Trans Union did so by failing to obtain written consent of the consumer, where written consent of the consumer was the certified, and only, permissible purpose to provide the report under 15 U.S.C. 1681b. Instead of obtaining the consumer's written consent, Trans Union delegates its duty to do so to the consumer's adversary in the claims context, the insurance subscriber, which is not a reasonable procedure to ensure that consumer reports are furnished only for permissible purposes.

**ANSWER:** Trans Union denies the allegations of this paragraph.

14. Both defendants, Hartford and Trans Union, concealed from plaintiffs, Mr. Crytser and Mr. Finley, the fact that Trans Union had provided to Hartford the plaintiffs' credit reports, in 2002, for the purpose of claims investigating, and misrepresented to plaintiffs that Hartford had a permissible purpose to obtain plaintiffs' credit reports when in fact Hartford obtained the consumer reports to use in litigation against them.

**ANSWER:** With respect to the allegations against Trans Union, Trans Union denies the allegations of this paragraph. With respect to the allegations against Hartford, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

15. Hartford published the consumer report of plaintiff, Gary Crytser, in connection with litigation in violation of 15 U.S.C. 1681b(f) in late 2007, by filing plaintiff's consumer report in the public record, in its entirety, in this United States District Court. Hartford also violated the provisions of the specifically limited consent it obtained from Mr. Crytser by publishing his credit report to persons other than Hartford and its representatives.

**ANSWER:** Trans Union admits that it appears that counsel for Hartford filed the consumer report of Crytser in the public record in the United States District Court for the Northern District of Illinois. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

16. Hartford refused to pay the insurance claim for Teakniques' and Jonathan Pepper Company's property destroyed in the warehouse fire. Crytser denies that he set the fire and points to substantial evidence that someone else broke into the warehouse and started the fire. Hartford produced no any evidence ruling out that persons other than plaintiffs caused the fire. Instead, Hartford cited as its reason for refusing to pay, that plaintiff Gary Crytser had made previous claims including: (1) a claim for a kitchen fire, approximately thirty-five years earlier; (2) a claim for an automobile that had been stolen, and later found burned, approximately fifteen years earlier; (3) and (4) two claims, at the about the same time, approximately ten years earlier, when tenants in rental property owned by Gary Crytser caused fires, one by throwing a blanket on top of a hairdryer, and the other, in a different property, by a short in an electric lounge chair; and (5) a fire around August of 2000 at the Aurora warehouse in which someone broke in, committed some vandalism, and lit four or five fires throughout the building causing smoke damage.

**ANSWER:** Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

17. In denying payment of Jonathan Pepper Company's and Teakniques' claim, Hartford cited no reason why it did not know or could not have learned about the five insurance claims listed above before accepting premiums for the insurance policy Hartford issued, under which it refused to pay.

**ANSWER:** Trans Union is without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

18. In seeking access to plaintiffs' credit reports in connection with its insurance claims investigation, in violation of 15 U.S.C. 1681b(f), Hartford has shown no reason why it did not or could not have investigated plaintiffs' financial background, including their credit histories, at the time of underwriting the policy at issue, and before accepting premiums for the policy it underwrote, in that the Fair Credit Reporting Act, 15 U.S.C. 1681b, specifically permits credit reports to be obtained in connecting with underwriting insurance, but not in connection with investigating insurance claims.

**ANSWER:** Trans Union admits that he FCRA allows the use of credit reports in connection with underwriting insurance. Trans Union denies that the FCRA prohibits the use of credit reports in connection with investigation of insurance claims. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

19. It is the standard practice and procedure of defendant, Hartford, to obtain the credit reports of insureds, and other persons, in connection with claims investigation and litigation, in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681b(f), without certifying the purpose for which the credit reports are being obtained, or that the credit reports will be used for no other purpose.

**ANSWER:** Trans Union denies that Hartford obtained credit reports from Trans Union without providing the certifications mandated by the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

20. It is the standard practice and procedure of defendant, Trans Union, to provide credit reports to insurance companies, insurance claims departments and claims investigating companies in violation of 15 U.S.C. 1681b(a), without any permissible purpose and without obtaining the written consent of any consumer; and pursuant to procedures which are in violation of 1681e(a) by reason of Trans Union's failure to obtain the written consent of consumers when such written consent is represented by Trans Union's insurance subscribers to be the only permissible purpose to furnish a credit report under 15 U.S.C. 1681e(a).

**ANSWER:** Trans Union denies the allegations of this paragraph.

COUNT I

21.   Plaintiffs incorporate herein as if copied in *extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count I under the provisions of 15 U.S.C. 1681n (the Fair Credit Reporting Act), against defendant, Hartford Casualty Insurance Company.

**ANSWER:**   Trans Union incorporates its answers to paragraphs 1 through 20. This paragraph brings a claim solely against Hartford, and therefore no answer is required from Trans Union. To the extent that an answer is required from Trans Union, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

22.   Defendant, Hartford Casualty Insurance Company, has willfully violated and continues to violate the provisions of 15 U.S.C. 1681b(f), knowingly and/or recklessly, by obtaining consumer reports of plaintiffs and all proposed class members in connection with claims investigation, which is not a permissible purpose for which consumer reports may be provided under 15 U.S.C. 1681b.

**ANSWER:**   This paragraph brings a claim solely against Hartford, and therefore no answer is required from Trans Union. To the extent that an answer is required from Trans Union, Trans Union denies that the FCRA prohibits the use of consumer reports in connection with claims investigation. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

COUNT II

23.   Plaintiffs incorporate herein as if copied in *extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count II under the provisions of 15 U.S.C. 1681n, against defendant, Hartford Casualty Insurance Company.

**ANSWER:**   Trans Union incorporates is answers to paragraphs 1-20. This paragraph brings a claim solely against Hartford, and therefore no answer is required from Trans Union. To the extent that an answer is required from Trans Union, Trans Union is without knowledge or

information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies the same.

24. Defendant, Hartford Casualty Insurance Company, has willfully violated and continues to violate the provisions of 15 U.S.C. 1681b(f), knowingly and/or recklessly, by obtaining consumer reports of plaintiffs and all proposed class members in connection with claims investigation, without certifying the purpose for which the consumer reports are obtained, or without certifying that the reports will be used for no other purpose, or without both required certifications.

**ANSWER:** This paragraph brings a claim solely against Hartford, and therefore no answer is required from Trans Union. To the extent that an answer is required from Trans Union, Trans Union denies that it has provided credit reports to Hartford without obtaining the certifications required by the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

COUNT III

25. Plaintiffs incorporate herein as if copied in *extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count III under the provisions of 15 U.S.C. 1681n, against defendant, Trans Union, L.L.C.

**ANSWER:** Trans Union incorporates its answers to paragraphs 1 through 20 as its response to the first sentence of this paragraph. Trans Union admits that Plaintiffs purport to seek certain relief but denies any liability and denies that Plaintiffs are entitled to any relief.

26. Defendant, Trans Union LLC, has willfully violated and continues to violate the provisions of 15 U.S.C. 1681b(a), knowingly and/or recklessly, by furnishing the consumer reports of plaintiffs and all proposed class members to insurance claims subscribers, including insurance companies and claims investigating companies, without any permissible purpose, for use in connection with insurance claims investigation and litigation. Trans Union's standard practice and procedure, followed with respect to plaintiffs and all proposed class members, is that Trans Union does not ever obtain written consent of the consumer where written consent is the declared purpose for which consumer reports are obtained by and furnished to the separate claims investigating

departments of insurance companies, and to independent claims investigators and investigating companies.

**ANSWER:** Trans Union admits that its standard practice and procedure is not to obtain itself a copy of the written consent of the consumer where written consent of the consumer is the permissible purpose certified by an insurance company to obtain a consumer report in connection with investigation of a claim. Trans Union denies the remaining allegations of this paragraph.

## COUNT IV

27. Plaintiffs incorporate herein as if copied in *extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count IV under the provisions of 15 U.S.C. 1681n, against defendant, Trans Union, L.L.C.

**ANSWER:** Trans Union incorporates its answers to paragraphs 1 through 20 as its response to the first sentence of this paragraph. Trans Union admits that Plaintiffs purport to seek certain relief but denies any liability and denies that Plaintiffs are entitled to any relief.

28. Defendant, Trans Union LLC, has willfully violated the provisions of 15 U.S.C. 1681(e), knowingly and/or recklessly, by furnishing the consumer reports of plaintiff and all proposed class members to insurance claims departments and claims investigating entities, while failing to maintain reasonable procedures to ensure that the reports are furnished only for purposes permitted by 15 U.S.C. 1681b, in that Trans Union (1) fails to obtain individual certifications of purpose when consumer reports are furnished to insurance claims subscribers; (2) fails to obtain the written consents of consumers when providing consumer reports to insurance claims subscribers pursuant to that stated purpose; (3) fails to obtain certifications from insurance subscribers that the consumer reports they obtain will be used for the purpose for which they are certified to have been obtained and for no other purpose; and that the reports will not be furnished to any other person.

**ANSWER:** Trans Union denies the allegations of this paragraph.

## COUNT V

29. Plaintiffs incorporate herein as if copied in *extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count V under the provisions of 15 U.S.C. 1681n, against defendant, Trans Union, L.L.C.

**ANSWER:** Trans Union incorporates its answers to paragraphs 1 through 20 as its response to the first sentence of this paragraph. Trans Union admits that Plaintiffs purport to seek certain relief but denies any liability and denies that Plaintiffs are entitled to any relief.

30. Defendant, Trans Union LLC, has willfully violated the provisions of 15 U.S.C. 1681b(a) and 15 U.S.C. 1681c(a), knowingly and/or recklessly, by providing consumer reports of plaintiffs and all proposed class members to insurance claims investigating department subscribers, and to independent claims investigating company subscribers, when the business of these persons and entities comprises a presumptively impermissible purpose to obtain consumer reports, and when these persons and entities have failed to provide to Trans Union the written consent of the consumer to whom the report relates, or any other permissible purpose for providing a consumer report.

**ANSWER:** Trans Union denies the allegations of this paragraph.

## COUNT VI

31. Plaintiffs incorporate herein as if copied in *extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count VI under the provisions of 15 U.S.C. 1681n, against defendant, Hartford Casualty Insurance Company.

**ANSWER:** Trans Union incorporates its answers to paragraphs 1 through 20. This paragraph brings a claim solely against Hartford, and therefore no answer is required from Trans Union. To the extent that an answer is required from Trans Union, Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

32. Defendant, Hartford Casualty Insurance Company, has violated the provisions of 15 U.S.C. 1681b(f) by obtaining the consumer reports of individual plaintiffs, Gary Crytser and Sanford Finley for the purpose of claims investigating, which is not a purpose permitted by 15 U.S.C. 1681(b), and by failing to certify the actual purpose for which the consumer reports of Mr. Crytser and Mr. Finley were obtained by Hartford, and by failing to certify that the consumer reports of Mr. Crytser and Mr. Finley would be used for no other purpose than that for which they were certified to have been obtained. Hartford also violated the provisions of 15 U.S.C. 1681b(f) by using the consumer reports of plaintiffs, Mr. Crytser and Mr. Finley, for the impermissible purpose of claims investigating and litigation; and by publishing the credit report of Mr. Crytser in the public records of this United States District Court in connection with litigation; and by disclosing the credit reports of plaintiffs to persons other than Hartford and its representatives.

**ANSWER:** This paragraph brings a claim solely against Hartford, and therefore no answer is required from Trans Union. To the extent that an answer is required from Trans Union, Trans Union denies that the FCRA prohibits the use of consumer reports in connection with claims investigation. Trans Union further denies that it has provided consumer reports to Hartford without obtaining the certifications required by the FCRA. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

33. Plaintiffs incorporate herein as if copied in *extenso* the foregoing Paragraphs 1 through 20.

**ANSWER:** Trans Union incorporates its answers to paragraphs 1 through 20 as its response to this paragraph.

34. Representative plaintiffs, Gary Crytser and Sanford Finley, bring this action individually, and on behalf of all similarly situated persons whose consumer reports were provided from the database of defendant, Trans Union, L.L.C., to Hartford Casualty Insurance Company or any person or entity acting on Hartford's behalf, where the consumer report was obtained and/or used in connection with claims investigation or litigation.

**ANSWER:** Trans Union admits that Crytser and Finley seeks to bring this action individually and on behalf of a class so described. Trans Union denies the remaining allegations of this paragraph, and denies that class treatment of these claims is appropriate.

35. All proposed class members of this class, which is geographically limited to current residents of the United States, seek relief under the same legal and remedial theories, under the provisions of 15 U.S.C. 1681n, for violations of 15 U.S.C. 1681b(a), and 15 U.S.C. 1681 e(a), and 15 U.S.C. 1681b(f), pursuant to the facts described above, so that the claims of the representative plaintiffs are typical of the claims of all class members.

**ANSWER:** Trans Union denies the allegations of this paragraph.

36. The issues of law and fact set forth in the Paragraphs above are common to all class members. The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

**ANSWER:** Trans Union denies the allegations of this paragraph.

37. The representative plaintiffs have no conflicts which would prevent their adequate representation of all class members. Proposed class counsel, Dawn Adams Wheelahan is experienced in class action matters, and in litigation under the Fair Credit Reporting Act. Ms. Wheelahan has served as lead class counsel to several large classes bringing FCRA claims, and has represented class members in multidistrict litigations in Tennessee, Illinois, and Florida. Mr. Lowery is a member in good standing of the Illinois Bar and the Trial Bar of this Court, and is an experienced litigator. Class counsel have no conflicts that would prevent their adequate representation of all class members.

**ANSWER:** Trans Union admits that Dawn Wheelahan has served as lead counsel in several class actions bringing FCRA claims and that she has represented several class members in multidistrict litigation in Tennessee. Trans Union is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies the same.

38. This action should be maintained as a class action because common issues, as described hereinabove, predominate over any individual ones, and because class action is superior to other methods available for resolution of this controversy.

**ANSWER:** Trans Union denies the allegations of this paragraph.

39. Class action is the superior means of resolving the claims brought herein, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the costs of the litigation; the class members are widely dispersed, and are unlikely to bring individual actions, which would be costly, to protect their interests. Class action is superior to the repeated production and evaluation of identical evidence which would attend individual litigation of hundreds of claims, with attending waste of labor, and the waste of the resources of the Court. In addition, to leave this matter unaddressed would encourage wrongdoing on the part of insurance companies and Consumer

Reporting Agencies, such as defendants herein, to the public's detriment and in contravention of the policies of the Fair Credit Reporting Act, 15 U.S.C. 1681, an in particular, 15 U.S.C. 1681a(4), and 15 U.S.C. 1681b, and 15 U.S.C. 1681e.

**ANSWER:** Trans Union denies the allegations of this paragraph.

40. Plaintiffs are entitled to and pray for trial by jury.

**ANSWER:** Trans Union admits that plaintiffs demand trial by jury. Trans Union denies the remaining allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiffs' claims are time-barred under 15 U.S.C. § 1681p. With respect to Crytser, the Complaint alleges that Trans Union provided the consumer report of Crytser on October 3, 2002. This action was filed on November 12, 2007, which is beyond the five-year period for bringing claims set forth in Section 1681p(2).

### Second Affirmative Defense

Any purported damages to the plaintiffs, which Trans Union continues to deny, are the result of the acts or omissions of persons or entities over whom Trans Union has neither control nor responsibility.

### Third Affirmative Defense

Interpretations of the FCRA upon which the complaint is based are unconstitutionally vague and overbroad and thus violate the due process clause of the Fifth Amendment to the United States Constitution, and the due process provision of the Fourteenth Amendment to the United States Constitution.

### Fourth Affirmative Defense

Plaintiffs have suffered no injury and do not have standing to assert any of the causes of action enumerated in the Class Action Complaint.

### Fifth Affirmative Defense

The plaintiffs have failed to mitigate any claimed damages.

**WHEREFORE**, Defendant Trans Union LLC respectfully requests that this Honorable Court deny the relief requested in the plaintiffs' Class Action Complaint, dismiss the claims against Trans Union in their entirety, grant Trans Union its costs of suit including reasonable attorneys' fees, and such other and different relief as the Court deems just

Date: January 14, 2008                    Respectfully submitted,


                                          **TRANS UNION LLC**


                                          By: s/Peter J. Donoghue
                                              One of its Attorneys


Roger L. Longtin (ARDC No. 01689185)
Michael O'Neil (ARDC No. 06201736)
Peter J. Donoghue (ARDC No. 06206849)
DLA PIPER US LLP
203 N. LaSalle Street, Suite 1900
Chicago, IL  60601-1293
Tel: (312) 368-4000
Fax: (312) 236-7516

## CERTIFICATE OF SERVICE

I, Peter Donoghue, an attorney, state that on January 14, 2008, I electronically filed the foregoing **Trans Union LLC's Answer to Class Action Complaint** with the Clerk of the Court using the CM/ECF system, which will serve electronic notice on the following:

Dawn Wheelahan
5528 Loyola Ave.
New Orleans, Louisiana 70115

Timothy Lowery
Lowery & Associates LLC
333 West Wacker Drive
Suite 420
Chicago, Illinois 60606

Charles Peters
Schiff Hardin LLP
Sears Tower, Suite 6600
233 S. Wacker Drive
Chicago, IL 60606

/s/ Peter J. Donoghue
Peter J. Donoghue