**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GARY H. CRYTSER and SANFORD FINLEY, Individually and on behalf of others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 07 C 6404 |
| vs. | ) ) | Judge Elaine E. Bucklo |
| TRANS UNION, LLC and HARTFORD CASUALTY INSURANCE COMPANY, | ) ) ) ) ) | Magistrate Judge Brown |
| Defendants. | ) | |

**HARTFORD CASUALTY INSURANCE COMPANY'S ANSWER AND
AFFIRMATIVE DEFENSES TO PLAINTIFFS' CLASS ACTION COMPLAINT**

Defendant, Hartford Casualty Insurance Company ("Hartford"), by its attorneys Schiff Hardin LLP, for its Answer states:

1. This Honorable Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. 1331 (federal question) because the matter is brought pursuant to the provisions of 15 U.S.C. 1681, *et seq* (the Fair Credit Reporting Act). The defendants are subject to personal jurisdiction in this Court as shown below.

**ANSWER:** The allegations contained in Paragraph 1 constitute legal conclusions to which no further response is given or required.

2. Plaintiff, Gary H. Crytser, is a person of the age of majority and a resident of the Northern District of Illinois. Plaintiff, Sanford Finley, is a person of the age of majority and a resident of the Northern District of Illinois.

**ANSWER:** Hartford admits that Mr. Crytser and Mr. Finley have represented to it that they are persons of the age of majority. Hartford is without sufficient information to admit or deny the remaining allegations contained in Paragraph 2.

       3.    Defendant, Trans Union, L.L.C. is [sic] limited liability company organized under the laws of Delaware with its principal place of business located in Chicago, Illinois. Trans Union is a consumer reporting agency as defined in the Fair Credit Reporting Act, 15 U.S.C. 1681a(f). Defendant, Hartford Casualty Insurance Company is an Indiana corporation with its principal place of business in Hartford, Connecticut.

       **ANSWER**:    Hartford admits that it is an Indiana corporation with its principal place of business in Hartford, Connecticut. The second sentence of Paragraph 3 is a legal conclusion to which no response is given or required. Hartford is without sufficient information to admit or deny the remaining allegations contained in Paragraph 3.

       4.    On August 31, 2002, a fire occurred at a warehouse in Aurora, Illinois. Part of the warehouse was leased by Jonathan Pepper Company. Plaintiff, Sanford Finley, was president of Jonathan Pepper Company. When the fire occurred, plaintiff, Gary Crytser was president of Teakniques Corporation. Teakniques was in the business of importing teak furniture and other items for sale to the public. Teakniques stored these goods in the warehouse space leased by Jonathan Pepper Co. Teakniques was a loss payee on a policy of insurance obtained by Jonathan Pepper Co. and underwritten by defendant, Hartford Casualty Insurance Company ("Hartford"), that covered the goods in the leased warehouse space.

       **ANSWER**:    Hartford admits that on or about August 31, 2002 a fire occurred at a warehouse in Aurora, Illinois, and that Jonathan Pepper Company, Inc. ("Jonathan Pepper"), leased part of that warehouse. Hartford admits that Jonathan Pepper obtained an insurance policy issued by Hartford and that, at all relevant times, Plaintiffs represented to Hartford that Sanford Finley was president of Jonathan Pepper and Gary Crytser was president of Teakniques. Hartford admits that Teakniques stored goods in the warehouse space that Jonathan Pepper leased. Hartford denies that Teakniques is a proper loss payee under the insurance policy that Hartford issued to Jonathan Pepper, asserts that the terms of the policy speak for themselves, and denies that plaintiffs are entitled to recover under the policy for any losses sustained in connection with the fire that occurred on August 31, 2002. Hartford lacks sufficient information to admit or deny the remaining allegations contained in the last sentence of Paragraph 4.

       5.    In the course of investigating the fire, Hartford requested from plaintiffs Gary Crytser and Sanford Finley permission to investigate their financial background prior to the

fire. Gary Crytser and Sanford Finley granted permission, by written consent, limited to the time period from August 31, 2000 to September 1, 2002.

**ANSWER:** Hartford admits that Mr. Crytser consented to Hartford obtaining his financial information in connection with its investigation of the claim in a document titled "Authorization for Release of Financial Information," and avers that the document speaks for itself. Hartford further admits that Mr. Finley consented to Hartford's obtaining his financial information in connection with its investigation of the claim in a document titled, "Authorization for Release of Financial Information," and avers that the document speaks for itself. Except to the extent admitted, Hartford denies any remaining allegations of Paragraph 5.

6. Separately, Hartford requested that plaintiffs, Mr. Crytser and Mr. Finley, sign a standard form consenting to Hartford's obtaining their consumer reports (commonly referred to as "credit reports") in connection with its claim investigation, as part of its requirement that they cooperate with the investigation. Hartford did so without advising plaintiffs, Gary Crytser and Sanford Finley, that the Fair Credit Reporting Act, 15 U.S.C. 1681b, and the Federal Trade Commission's official Commentary on the Fair Credit Reporting Act, 16 *C.F.R. Part 600.1* Appendix, ***prohibit*** the use of credit reports for the purpose of investigating insurance claims.

**ANSWER:** Hartford admits that Messrs. Crytser and Finley signed written consents that Hartford presented to them authorizing Hartford to obtain credit reports. Hartford further admits that, at the time Messrs. Crytser and Finley signed those consents, Hartford did not advise Plaintiffs of the erroneous legal conclusions contained in the last sentence of Paragraph 6, and Hartford further states that it had no obligation to do so. The statements in Paragraph 6 concerning the Fair Credit Reporting Act and the Federal Trade Commission's Official Commentary constitute legal conclusions to which no answer is given or required. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 6.

7. Plaintiffs, Mr. Crytser and Mr. Finley, consented to Hartford's obtaining their credit reports in connection with its investigation of the claim, limited to the time period from August 31, 2000 to September 1, 2002.

3

**ANSWER**: Hartford admits that Mr. Crytser consented to Hartford's obtaining his credit report in connection with its investigation of the claim, in a document titled "Authorization for Release of Credit Information," and avers that the document speaks for itself. Hartford further admits that Mr. Finley consented to Hartford's obtaining his credit report in connection with its investigation of the claim in a document titled "Authorization of Release of Credit Information," and avers that the document speaks for itself. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 7.

8. Hartford obtained the credit reports of plaintiffs, Mr. Crytser and Mr. Finley, outside the time frame to which they had consented, on October 3, 2002 (Mr. Crytser) and on November 12, 2002 (Mr. Finley). Hartford did so impermissibly, in connection with claim investigation and litigation, in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681b(f); and in violation of the Federal Trade Commission's (FTC's) Advice and Commentary on the FCRA, [sic] The FTC's Advice and Commentary on the Fair Credit Reporting Act is readily available to Hartford, a sophisticated litigant and user of consumer reports, the use of which by insurance companies has been regulated under the FCRA since 1970.

**ANSWER**: Hartford admits that in connection with a claim investigation, it obtained Mr. Crytser's credit report, dated October 2, 2002, and Mr. Finley's credit report, dated November 12, 2002. Hartford further admits that, at the time it obtained the reports, it had prior experience with litigation and the use of consumer reports. Hartford also admits that the Fair Credit Reporting Act was enacted in 1970. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 8.

9. Additionally, Hartford obtained plaintiffs' credit reports in violation of 15 U.S.C. 1681b(f) in that Hartford failed to certify, or to certify truthfully, to the consumer reporting agency from which it obtained plaintiffs' consumer reports the purpose for which it was obtaining the credit reports. Hartford also violated 15 U.S.C. 1681b(f) by failing to certify that the consumer reports it obtained would be used for no other purpose than that stated in its certification; and by using the credit reports for a purpose not permissible under 15 U. S. C. 1681b.

**ANSWER**: Hartford denies the allegations contained in Paragraph 9.

10. The credit reports of plaintiffs, Gary Crytser and Sanford Finley, were provided to Hartford by defendant, Trans Union, L.L.C. ("Trans Union"), without any

4

permissible purpose under 15 U.S.C. 1681b(a), in that the reports were furnished for the impermissible purpose of insurance claim investigating, and without obtaining the written consent of the consumers to whom the reports relate. Trans Union failed to obtain the written consent of plaintiffs to furnish their credit reports to Hartford at any time. It is Trans Union's standard practice and procedure to furnish credit reports to insurance companies and claims investigating companies in connection with claims investigation, without any permissible purpose, and without obtaining any written consent from any consumer.

**ANSWER:** Hartford admits that Trans Union LLC ("Trans Union") provided Messrs. Crytser's and Finley's credit reports to Hartford, but Hartford denies that that they were provided to Hartford without any permissible purpose. Hartford is without sufficient information to admit or deny the allegations in the last sentence of Paragraph 10, except that Hartford denies that Trans Union has a standard practice of furnishing credit reports to Hartford without any permissible purpose. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 10.

11. Trans Union knowingly and routinely provides consumer reports, including the reports of plaintiffs in this action, to the claims investigation units of insurance companies and to claims investigating companies for the impermissible purpose of claims investigating in violation of 15 U.S.C. 1681b. Trans Union does so with malicious intent, and with knowledge that its insurance company subscribers misuse consumer reports in connection with insurance claims investigations. (The insurance companies misuse the reports in lengthy investigations by forensic accountants so as to use claims funds that should be paid promptly, without ever paying interest for use of the funds.)

**ANSWER:** To the extent the allegations in Paragraph 11 are directed toward Hartford, Hartford denies them. To the extent the allegations in Paragraph 11 are directed toward Trans Union, Hartford is without sufficient information to admit or deny them.

12. Trans Union conceals from consumers, including plaintiffs in this action, the fact that it provides their consumer reports to insurance companies impermissibly in connection with claims investigations, by mis-stating to consumers the purpose for which the consumer reports were provided to insurance and claims company subscribers. Trans Union misrepresents to consumers, including plaintiffs in this action, the fact that it has obtained from subscribers their written consents to provide their consumer reports to its insurance subscribers, when in fact Trans Union does not ever obtain any written consent before furnishing credit reports to insurance subscribers.

**ANSWER:** To the extent the allegations in Paragraph 12 are directed toward Hartford, Hartford denies them. To the extent the allegations in Paragraph 12 are directed toward Trans Union, Hartford is without sufficient information to admit or deny them.

13. In addition to violating the provisions of 15 U.S.C. 1681b(a), defendant, Trans Union violated the separate requirements of 15 U.S.C. 1681(e)(a) that Trans Union maintain reasonable procedures to ensure that credit reports are furnished and used for the purposes listed in 15 U.S.C. 1681b and no other; and, that Trans Union obtain certification of the use for which the credit reports were obtained, and that the credit reports would be used for no other purpose. Trans Union did so by failing to obtain written consent of the consumer, where written consent of the consumer was the certified, and only, permissible purpose to provide the report under 15 U.S.C. 1681b. Instead of obtaining the consumer's written consent, Trans Union delegates its duty to do so to the consumer's adversary in the claims context, the insurance subscriber, which is not a reasonable procedure to ensure that consumer reports are furnished only for permissible purposes.

**ANSWER:** To the extent the allegations in Paragraph 13 are directed toward Hartford, Hartford denies them. To the extent the allegations in Paragraph 13 are directed toward Trans Union, Hartford is without sufficient information to admit or deny them.

14. Both defendants, Hartford and Trans Union, concealed from plaintiffs, Mr. Crytser and Mr. Finley, the fact that Trans Union had provided to Hartford the plaintiffs' credit reports, in 2002, for the purpose of claims investigating, and misrepresented to plaintiffs that Hartford had a permissible purpose to obtain plaintiffs' credit reports when in fact Hartford obtained the consumer reports to use in litigation against them.

**ANSWER:** Hartford denies the allegations contained in Paragraph 14, except that, Hartford lacks sufficient information to admit or deny any allegations about what representations, if any, Trans Union made to Messrs Crytser and/or Finley.

15. Hartford published the consumer report of plaintiff, Gary Crytser, in connection with litigation in violation of 15 U.S.C. 1681b(f) in late 2007, by filing plaintiff's consumer report in the public record, in its entirety, in this United States District Court. Hartford also violated the provisions of the specifically limited consent it obtained from Mr. Crytser by publishing his credit report to persons other than Hartford and its representatives.

**ANSWER:** Hartford admits that it filed Mr. Crytser's credit report in the underlying claims litigation pending in this Court, *Jonathan Pepper Company, Inc., et al v. Hartford Casualty Insurance Co.*, No. 05-1404, as an exhibit to a summary judgment motion, but

Hartford denies that it remains in the public record. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 15.

16. Hartford refused to pay the insurance claim for Teakniques' and Jonathan Pepper Company's property destroyed in the warehouse fire. Crytser denies that he set the fire and points to substantial evidence that someone else broke into the warehouse and started the fire. Hartford produced no any evidence ruling out that persons other than plaintiffs caused the fire. Instead, Hartford cited as its reason for refusing to pay, that plaintiff Gary Crytser had made previous claims including: (1) a claim for a kitchen fire, approximately thirty-five years earlier; (2) a claim for an automobile that had been stolen, and later found burned, approximately fifteen years earlier; (3) and (4) two claims, at the about the same time, approximately ten years earlier, when tenants in rental property owned by Gary Crytser caused fires, one by throwing a blanket on top of a hairdryer, and the other, in a different property, by a short in an electric lounge chair; and (5) a fire around August of 2000 at the Aurora warehouse in which someone broke in, committed some vandalism, and lit four or five fires throughout the building causing smoke damage.

**ANSWER:** Hartford admits that it denied claim number 842 KF 26554 in a letter dated May 21, 2004, and avers that the letter speaks for itself. Hartford further admits that Mr. Crytser has denied setting the fire that is the subject of that claim. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 16.

17. In denying payment of Jonathan Pepper Company's and Teakniques' claim, Hartford cited no reason why it did not know or could not have learned about the five insurance claims listed above before accepting premiums for the insurance policy Hartford issued, under which it refused to pay.

**ANSWER:** Hartford admits that it denied claim number 842 KF 26554 in a letter dated May 21, 2004, and avers that the letter speaks for itself. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 17.

18. In seeking access to plaintiffs' credit reports in connection with its insurance claims investigation, in violation of 15 U.S.C. 1681b(f), Hartford has shown no reason why it did not or could not have investigated plaintiffs' financial background, including their credit histories, at the time of underwriting the policy at issue, and before accepting premiums for the policy it underwrote, in that the Fair Credit Reporting Act, 15 U.S.C. 1681b, specifically permits credit reports to be obtained in connecting with underwriting insurance, *but not* in connection with investigating insurance claims.

**ANSWER:**   Hartford admits that, at the time it sought Plaintiffs' credit reports in connection with the claim investigation, Hartford did not discuss with Plaintiffs the information it had sought or considered during the underwriting process.  Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 18.

19.   It is the standard practice and procedure of defendant, Hartford, to obtain the credit reports of insureds, and other persons, in connection with claims investigation and litigation, in violation of the Fair Credit Reporting Act, 15 U.S.C. 1681b(f), without certifying the purpose for which the credit reports are being obtained, or that the credit reports will be used for no other purpose.

**ANSWER:**   Hartford denies the allegations contained in Paragraph 19.

20.   It is the standard practice and procedure of defendant, Trans Union, to provide credit reports to insurance companies, insurance claims departments and claims investigating companies in violation of 15 U.S.C. 1681b(a), without any permissible purpose and without obtaining the written consent of any consumer; and pursuant to procedures which are in violation of 1681e(a) by reason of Trans Union's failure to obtain the written consent of consumers when such written consent is represented by Trans Union's insurance subscribers to be the only permissible purpose to furnish a credit report under 15 U.S.C. 1681e(a).

**ANSWER:**   Hartford denies that Trans Union makes a practice of providing credit reports to Hartford without any permissible purpose.  Hartford is without sufficient knowledge to admit or deny any remaining allegations contained in Paragraph 20.

## COUNT I

21.   Plaintiffs incorporate herein as if copied *in extenso* the foregoing Paragraphs 1 through 20.  Plaintiffs pray for relief in Count I under the provisions of 15 U.S.C. 1681n (the Fair Credit Reporting Act), against defendant, Hartford Casualty Insurance Company.

**ANSWER:**   Hartford incorporates herein its responses to Paragraphs 1 through 20.  Hartford admits that Plaintiffs request relief under 15 U.S.C. 1681n but denies that they are entitled to the relief they seek.

22.   Defendant, Hartford Casualty Insurance Company, has willfully violated and continues to violate the provisions of 15 U.S.C. 1681b(f), knowingly and/or recklessly, by obtaining consumer reports of plaintiffs and all proposed class members in connection with claims investigation, which is not a permissible purpose for which consumer reports may be provided under 15 U. S. C. 1681b.

**ANSWER:** Hartford denies the allegations contained in Paragraph 22.

## COUNT II

23. Plaintiffs incorporate herein as if copied *in extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count II under the provisions of 15 U.S.C. 1681n, against defendant, Hartford Casualty Insurance Company.

**ANSWER:** Hartford incorporates herein its responses to Paragraphs 1 through 20. Hartford admits that Plaintiffs request relief under 15 U.S.C. 1681n but denies that they are entitled to the relief they seek.

24. Defendant, Hartford Casualty Insurance Company, has willfully violated and continues to violate the provisions of 15 U.S.C. 1681b(f), knowingly and/or recklessly, by obtaining consumer reports of plaintiffs and all proposed class members in connection with claims investigation, without certifying the purpose for which the consumer reports are obtained, or without certifying that the reports will be used for no other purpose, or without both required certifications.

**ANSWER:** Hartford denies the allegations contained in Paragraph 24.

## COUNT III

25. Plaintiffs incorporate herein as if copied *in extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count III under the provisions of 15 U.S.C. 1681n, against defendant, Trans Union, L.L.C.

**ANSWER:** Hartford incorporates herein its responses to Paragraphs 1 through 20. The remaining allegations contained in Paragraph 25 are not directed at Hartford and no response thereto is given or required.

26. Defendant, Trans Union LLC, has willfully violated and continues to violate the provisions of 15 U.S.C. 1681b(a), knowingly and/or recklessly, by furnishing the consumer reports of plaintiffs and all proposed class members to insurance claims subscribers, including insurance companies and claims investigating companies, without any permissible purpose, for use in connection with insurance claims investigation and litigation. Trans Union's standard practice and procedure, followed with respect to plaintiffs and all proposed class members, is that Trans Union does not ever obtain written consent of the consumer where written consent is the declared purpose for which consumer reports are obtained by and furnished to the separate claims investigating departments of insurance companies, and to independent claims investigators and investigating companies.

**ANSWER:** The allegations contained in Paragraph 26 are not directed at Hartford and no response thereto is given or required.

## COUNT IV

27. Plaintiffs incorporate herein as if copied *in extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count IV under the provisions of 15 U.S.C. 1681n, against defendant, Trans Union, L.L.C.

**ANSWER:** Hartford incorporates herein its responses to Paragraphs 1 through 20. The remaining allegations contained in Paragraph 27 are not directed at Hartford and no response thereto is given or required.

28. Defendant, Trans Union LLC, has willfully violated the provisions of 15 U.S.C. 1681(e), knowingly and/or recklessly, by furnishing the consumer reports of plaintiff and all proposed class members to insurance claims departments and claims investigating entities, while failing to maintain reasonable procedures to ensure that the reports are furnished only for purposes permitted by 15 U.S.C. 1681b, in that Trans Union (1) fails to obtain individual certifications of purpose when consumer reports are furnished to insurance claims subscribers; (2) fails to obtain the written consents of consumers when providing consumer reports to insurance claims subscribers pursuant to that stated purpose; (3) fails to obtain certifications from insurance subscribers that the consumer reports they obtain will be used for the purpose for which they are certified to have been obtained and for no other purpose; and that the reports will not be furnished to any other person.

**ANSWER:** The allegations contained in Paragraph 28 are not directed at Hartford and no response thereto is given or required.

## COUNT V

29. Plaintiffs incorporate herein as if copied *in extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count V under the provisions of 15 U.S.C. 1681n, against defendant, Trans Union, L.L.C.

**ANSWER:** Hartford incorporates herein its responses to Paragraphs 1 through 20. The remaining allegations contained in Paragraph 29 are not directed at Hartford and no response thereto is given or required.

30. Defendant, Trans Union LLC, has willfully violated the provisions of 15 U.S.C. 1681b(a) and 15 U.S.C. 1681e(a), knowingly and/or recklessly, by providing consumer reports of plaintiffs and all proposed class members to insurance claims investigating department

subscribers, and to independent claims investigating company subscribers, when the business of these persons and entities comprises a presumptively impermissible purpose to obtain consumer reports, and when these persons and entities have failed to provide to Trans Union the written consent of the consumer to whom the report relates, or any other permissible purpose for providing a consumer report.

**ANSWER:** The allegations contained in Paragraph 30 are not directed at Hartford and no response thereto is given or required.

### COUNT VI

31. Plaintiffs incorporate herein as if copied *in extenso* the foregoing Paragraphs 1 through 20. Plaintiffs pray for relief in Count VI under the provisions of 15 U.S.C. 1681n, against defendant, Hartford Casualty Insurance Company.

**ANSWER:** Hartford incorporates herein its responses to Paragraphs 1 through 20. Hartford admits that Plaintiffs request relief under 15 U.S.C. 1681n but denies that they are entitled to the relief they seek.

32. Defendant, Hartford Casualty Insurance Company, has violated the provisions of 15 U.S.C. 1681b(f) by obtaining the consumer reports of individual plaintiffs, Gary Crytser and Sanford Finley for the purpose of claims investigating, which is not a purpose permitted by 15 U.S.C. 1681(b), and by failing to certify the actual purpose for which the consumer reports of Mr. Crytser and Mr. Finley were obtained by Hartford, and by failing to certify that the consumer reports of Mr. Crytser and Mr. Finley would be used for no other purpose than that for which they were certified to have been obtained. Hartford also violated the provisions of 15 U.S.C. 1681b(f) by using the consumer reports of plaintiffs, Mr. Crytser and Mr. Finley, for the impermissible purpose of claims investigating and litigation; and by publishing the credit report of Mr. Crytser in the public records of this United States District Court in connection with litigation; and by disclosing the credit reports of plaintiffs to persons other than Hartford and its representatives.

**ANSWER:** Hartford denies the allegations contained in Paragraph 32.

### CLASS ALLEGATIONS

33. Plaintiffs incorporate herein as if copied *in extenso* the foregoing Paragraphs 1 through 20.

**ANSWER:** Hartford incorporates herein its responses to Paragraphs 1 through 20.

34.     Representative plaintiffs, Gary Crytser and Sanford Finley, bring this action individually, and on behalf of all similarly situated persons whose consumer reports were provided from the database of defendant, Trans Union, L.L.C., to Hartford Casualty Insurance Company or any person or entity acting on Hartford's behalf, where the consumer report was obtained and/or used in connection with claims investigation or litigation.

**ANSWER**:    Hartford admits that Plaintiffs seek to bring a claim on behalf of all similarly situated persons whose consumer reports were provided from the database of Trans Union to Hartford, or to any person or entity acting on Hartford's behalf, where the consumer report was obtained and/or used in connection with claims investigation or litigation, but Hartford denies that they are entitled to do so. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 34.

35.     All proposed class members of this class, which is geographically limited to current residents of the United States, seek relief under the same legal and remedial theories, under the provisions of 15 U.S.C. 1681n, for violations of 15 U.S.C. 1681b(a), and 15 U.S.C. 1681e(a), and 15 U.S.C. 1681b(f), pursuant to the facts described above, so that the claims of the representative plaintiffs are typical of the claims of all class members.

**ANSWER**:    Hartford denies the allegations contained in Paragraph 35, except that Hartford is without sufficient knowledge to admit or deny the allegation in Paragraph 35 that the group of persons whom Plaintiffs describe in Paragraph 34 consists only of current residents of the United States.

36.     The issues of law and fact set forth in the Paragraphs above are common to all class members. The proposed class numbers more than one hundred persons, widely dispersed, so that joinder is impractical.

**ANSWER**:    Hartford currently lacks sufficient information to admit or deny the alleged size of the putative class, but its investigation is ongoing. Except to the extent admitted, Hartford denies any remaining allegations contained in Paragraph 36 and further denies that any class is properly certifiable in this case.

37.     The representative plaintiffs have no conflicts which would prevent their adequate representation of all class members. Proposed class counsel, Dawn Adams Wheelahan is experienced in class action matters, and in litigation under the Fair Credit Reporting Act. Ms.

Wheelahan has served as lead class counsel to several large classes bringing FCRA claims, and has represented class members in multidistrict litigations in Tennessee, Illinois, and Florida. Mr. Lowery is a member in good standing of the Illinois Bar and the Trial Bar of this Court, and is an experienced litigator. Class counsel have no conflicts that would prevent their adequate representation of all class members.

**ANSWER:** Hartford denies the first sentence of Paragraph 37 and further denies that any class is properly certifiable in this case. Hartford is without sufficient information to admit or deny the remaining allegations contained in Paragraph 37.

38. This action should be maintained as a class action because common issues, as described hereinabove, predominate over any individual ones, and because class action is superior to other methods available for resolution of this controversy.

**ANSWER:** Hartford denies the allegations contained in Paragraph 38 and further denies that any class is properly certifiable in this case.

39. Class action is the superior means of resolving the claims brought herein, because repetitive litigation of identical issues as presented here would waste the resources of the courts and the parties; the individual stakes are small when compared with the costs of the litigation; the class members are widely dispersed, and are unlikely to bring individual actions, which would be costly, to protect their interests. Class action is superior to the repeated production and evaluation of identical evidence which would attend individual litigation of hundreds of claims, with attending waste of labor, and the waste of the resources of the Court. In addition, to leave this matter unaddressed would encourage wrongdoing on the part of insurance companies and Consumer Reporting Agencies, such as defendants herein, to the public's detriment and in contravention of the policies of the Fair Credit Reporting Act, 15 U.S.C. 1681, an in particular, 15 U.S.C. 1681a(4), and 15 U.S.C. 1681b, and 15 U.S.C. 1681e.

**ANSWER:** Hartford denies the allegations contained in Paragraph 39 and further denies that any class is properly certifiable in this case.

40. Plaintiffs are entitled to and pray for trial by jury.

**ANSWER:** Paragraph 40 constitutes a legal conclusion to which no further response is given or required.

## **ADDITIONAL DEFENSES**

Hartford asserts the following additional and further defenses to Plaintiffs' Class Action Complaint:

1. The complaint fails to state a claim on which relief may be granted.

2. Because Plaintiffs and the putative class members consented to Hartford's obtaining and/or using their credit reports pursuant to the Fair Credit Reporting Act, Hartford's obtaining and/or using those reports did not violate the Fair Credit Reporting Act.

3. Plaintiffs and the putative class members may not assert any of the claims set forth in the complaint because Plaintiffs and the putative class members previously released Hartford from all responsibility and liability for disclosing any credit information in its possession.

4. Mr. Crytser's claims and the claims of the putative class members are barred by the applicable statute of limitations and statute of repose set forth in 15 U.S.C. 1681p.

5. Plaintiffs and certain putative class members are estopped from asserting any claims under the Fair Credit Reporting Act because Hartford reasonably used credit information to defend itself in lawsuits Plaintiffs or certain putative class members elected to file challenging Hartford's decisions to deny insurance coverage.

6. Plaintiffs and the putative class members waived any claims herein by informing Hartford that they released Hartford from any and all responsibility and liability for disclosing any credit information in its possession, and by failing to raise a timely objection

premised on the Fair Credit Reporting Act to the use of credit information in any underlying claims litigation.

7. Plaintiffs' claims and the claims of certain putative class members are barred by laches, because Plaintiffs and certain class members failed to raise a timely objection premised on the Fair Credit Reporting Act to Hartford's use of any credit information in any underlying claims litigation.

8. Plaintiffs' claims and the claims of the putative class members fail because Hartford had a legitimate need for the information in connection with a transaction that Plaintiffs and/or the putative class members initiated.

9. Any attempt to adjudicate the claims alleged here on a classwide basis for any purposes other than settlement would violate Defendants' right to due process and a trial by jury.

10. The suit may not properly be maintained as a class action because (a) the named Plaintiffs will not fairly and adequately protect the interests of the purported class; (b) the claims of the Plaintiffs are not typical of the putative class members; (c) common issues of law and fact do not predominate over individual issues; (d) a class action is not superior to other available methods for fairly and efficiently adjudicating this controversy; and/or the other requirements of maintaining this action as a class action have not been met.

11. Plaintiffs' claims are not typical of the putative class they purport to represent, and Plaintiffs cannot adequately represent that putative class, because (among other

reasons) Plaintiffs have commenced this action, in whole or in part, as a means of seeking an advantageous resolution of the underlying claims litigation.

12. To the extent Plaintiffs or the putative class members bring a claim for punitive damages, any award of punitive damages would violate the constitutional safeguards provided under the Constitutions of the United States, the State of Illinois, and other States where putative class members reside.

**WHEREFORE**, Defendant Hartford Casualty Insurance Company prays that the Complaint against it be dismissed, that judgment be entered in its favor, and that it be awarded such other relief as the Court deems just.

January 14, 2008

Respectfully submitted,

**HARTFORD CASUALTY INSURANCE COMPANY**

 /s/ *Marci A. Eisenstein*

Marci A. Eisenstein
Charles H.R. Peters
Lindsey L. Evans
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60626
312-258-5500

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 14, 2008, a copy of **Hartford Casualty Insurance Company's Answer and Affirmative Defenses to Plaintiffs' Class Action Complaint** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dawn Adams Wheelahan, Esq.
DAWN ADAMS WHEELAHAN, LLC
5528 Loyola Avenue
New Orleans, LA 70115

Timothy Joseph Lowery, Esq.
LOWERY & ASSOCIATES, LLC
333 West Wacker Drive
Suite 420
Chicago, IL 60606-1225

Roger L. Longtin, Esq.
Michael C. O'Neil, Esq.
Peter J. Donoghue, Esq.
DLA PIPER US LLP
203 North LaSalle Street
20th Floor
Chicago, IL 60601

                                                              */s/ Marci A. Eisenstein*

CH2\2271156.4