**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GARY H. CRYTSER and | ) | |
| SANFORD FINLEY, Individually | ) | |
| and on behalf of others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 07 C 6404 |
| | ) | |
| vs. | ) | Judge Elaine E. Bucklo |
| | ) | |
| TRANS UNION, LLC and | ) | Magistrate Judge Brown |
| HARTFORD CASUALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

<u>**REPORT OF PARTIES PLANNING MEETING**</u>

Plaintiffs Gary Crytser and Sanford Finley along with Defendant Trans Union LLC ("Trans Union") and Defendant Hartford Casualty Insurance Company ("Hartford"), by their attorneys, hereby submit the following Report of Parties Planning Meeting.

**I.        PLANNING MEETING**

Pursuant to the Court's Standing Order and Rule 26(f) of the Federal Rules of Civil Procedure, a meeting was held on January 11, 2008 via telephone and was attended by Dawn A. Wheelahan for Plaintiffs, Peter Donoghue for Trans Union, and Charles Peters and Lindsey Evans for Hartford.

## II.    PRETRIAL SCHEDULE

The Parties jointly propose to the Court the following discovery plan:

A.    Hartford and Trans Union expect that discovery will be needed on the following subjects:

1.    Whether Plaintiffs and/or the putative class meet the requirements for certification of Federal Rule of Civil Procedure 23, including but not limited to issues related to adequacy, typicality, commonality and the superiority of a class action;

2.    The circumstances surrounding Plaintiffs' and the putative class members' authorization of Hartford obtaining and using credit information;

3.    The circumstances surrounding Plaintiffs' and the putative class members' release of Hartford from liability for disclosing any credit information in its possession;

4.    The circumstances surrounding Plaintiffs and the putative class members' decisions to sue Hartford in underlying claims litigation;

5.    The circumstances surrounding Plaintiffs and the putative class members' failure to object to Hartford's use of credit information;

6.    Whether Plaintiffs and the putative class members suffered any harm from Defendants' alleged conduct, and if so, to what extent; and

7.    Whether Plaintiffs' claims are barred by the applicable statute of limitations.

*Plaintiffs do not concede that any of the above topics are proper subjects of discovery.*

B.    Plaintiffs expect that discovery will be needed on the following subjects:

1.    Whether Hartford's standard form authorizations obtained from any Plaintiff were adequate to waive Plaintiffs' rights under the Fair Credit Reporting Act.

2.    The circumstances surrounding Hartford's obtaining of consumer reports (also called credit reports) in connection with insurance claims investigating and litigation.

3.    The number and identity of Plaintiffs whose consumer reports were obtained by Hartford in connection with claims investigation and/or litigation, and the number of occasions per Plaintiff on which this occurred.

4.    The number and identity of Plaintiffs whose consumer reports were provided to insurance companies, claims companies, and their representatives by Trans Union in connection with claims investigation and/or litigation, and the number of occasions per Plaintiff on which this occurred.

5.    Whether Trans Union obtained certifications of purpose in connection with consumer reports furnished to Hartford, and the circumstances surrounding any certifications of purpose obtained by Trans Union, and the contents of any certifications of purpose obtained by Trans Union.

*Defendants do not concede that any of the above topics are proper subjects of discovery.*

C.    Disclosures pursuant to Fed. R. Civ. 26(a)(1) will be made by **February 21, 2008**, and all discovery will be commenced in time to be completed by **October 1, 2008**.  The Parties agree that discovery will be limited to issues related to class certification and the merits of the named plaintiffs' individual claims until **May 30, 2008**.  In particular, the Parties will not conduct any discovery of individual insurance claim files, other than those pertaining to the named plaintiffs, during this time.  After May 30, 2008, the Parties may seek discovery on any topic pursuant to Federal Rule of Civil Procedure 26 until October 1, 2008.

D.    Plaintiffs expect that they will need approximately ten depositions. Defendants expect they will need approximately five depositions.

E.    Reports from retained experts under Rule 26(a)(2) are due from Plaintiffs by **October 1, 2008** and from defendants by **November 15, 2008**.

F.    All potentially dispositive motions will be filed by **December 15, 2008**.

G.      Plaintiffs will prepare a proposed draft of the final pretrial order by February 23, 2009, and the Parties will file a joint final pretrial order by **March 2, 2009**.

## III.    TRIAL

The case should be ready for trial by March 31, 2009 and, at this time, is expected to take approximately five days, but Defendants believe that if a class is certified, the trial will take significantly longer.  Plaintiffs disagree that certification of a class would affect the number of days needed for trial.

## IV.    SETTLEMENT STATUS

The representative Plaintiffs have not made formal settlement offers to either defendant prior to discovery pertaining to class issues.

## V.     CONSENT TO A MAGISTRATE

The Parties do not consent to proceed before a Magistrate Judge.

## VI.    ELECTRONIC DISCOVERY

The Parties agree that electronically stored information will be preserved and produced in accordance with the Federal Rules of Civil Procedure.

January 24, 2008


Dawn Adams Wheelahan, Esq.
DAWN ADAMS WHEELAHAN, LLC
5528 Loyola Avenue
New Orleans, LA 70115
512-689-1153

Roger L. Longtin, Esq.
Michael C. O'Neil, Esq.
Peter J. Donoghue, Esq.
DLA PIPER US LLP
203 North LaSalle Street
20th Floor
Chicago, IL 60601


Timothy Joseph Lowery, Esq.
LOWERY & ASSOCIATES, LLC
333 West Wacker Drive
Suite 420
Chicago, IL 60606-1225

Marci A. Eisenstein
Charles H.R. Peters
Lindsey L. Evans
SCHIFF HARDIN LLP
6600 Sears Tower
Chicago, IL 60626
312-258-5500

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 24, 2008, a copy of **Report of Parties Planning Meeting** was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dawn Adams Wheelahan, Esq.
DAWN ADAMS WHEELAHAN, LLC
5528 Loyola Avenue
New Orleans, LA 70115

Timothy Joseph Lowery, Esq.
LOWERY & ASSOCIATES, LLC
333 West Wacker Drive
Suite 420
Chicago, IL 60606-1225

Roger L. Longtin, Esq.
Michael C. O'Neil, Esq.
Peter J. Donoghue, Esq.
DLA PIPER US LLP
203 North LaSalle Street
20th Floor
Chicago, IL 60601

/s/    *Lindsey L. Evans*